## In re GRAND JURY SUBPOENA.

### In re Kaare GILBOE, Jr.

### No. M 11–188.

United States District Court,
S. D. New York.

July 22, 1982.

Neal Factor, Long Island City, N. Y., for Kaare Gilboe, Jr.

John S. Martin, Jr., U. S. Atty. for S. D. N. Y., New York City, for United States; Michael S. Feldberg, Asst. U. S. Atty., New York City, of counsel.

SPRIZZO, District Judge:

On November 6, 1981, Kaare Gilboe, Jr. was found guilty by a jury of four counts of wire fraud, 18 U.S.C. § 1343 (1976), and four counts of interstate and international transportation of money and securities obtained by fraud, 18 U.S.C. § 2314 (1976). He was sentenced on December 11, 1981. Gilboe is presently serving that sentence and has appealed his conviction.

On April 14, 1982, Gilboe was summoned to appear before a grand jury investigating other persons involved in the transactions for which Gilboe was convicted as well as the location of the proceeds of the aforementioned transactions. Gilboe refused to answer questions before the grand jury, claiming his Fifth Amendment privilege. Thereafter, on April 29, 1982, the Government sought and obtained an Order of immunity pursuant to 18 U.S.C. § 6002 (1976), directing Gilboe to testify before the grand jury. Gilboe now moves to quash the subpoena directing him to appear before the grand jury on the ground that, as a convicted defendant with an appeal pending, his testimony cannot be constitutionally compelled.

That claim is untenable. Gilboe has been convicted and sentenced for the transactions which are the subject of the grand jury investigation. Moreover, he has been granted immunity pursuant to 18 U.S.C. § 6002 with respect to the use of any compelled testimony and any evidence derived

directly and indirectly therefrom in any future criminal prosecutions. In view of these circumstances, there can be no merit to Gilboe's contention that his testimony may not properly be compelled. *In re Liddy*, 506 F.2d 1293, 1300 (D.C.Cir.1974) (en banc). This is not a case in which a potential defendant is being compelled to testify before a grand jury which is being asked to indict him. *See Goldberg v. United States*, 472 F.2d 513, 516 (2d Cir. 1973).

The fact that Gilboe's appeal is pending is of no consequence. In view of the heavy burden placed on the Government to establish that it did not make any direct or indirect use of Gilboe's immunized testimony, *see Kastigar v. United States*, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), it seems clear that if Gilboe's conviction is reversed on appeal, the Government will be limited at any retrial to the facts elicited at Gilboe's first trial.*

It follows that Gilboe's motion to quash the subpoena directing him to appear before the grand jury is denied.

SO ORDERED.

---

* The Government argues that Gilboe has waived his Fifth Amendment rights because he testified substantively for approximately 30 minutes before he refused to answer on the basis of his Fifth Amendment privilege. Government's Memorandum In Opposition To Gilboe's Motion To Quash A Subpoena at 3–4. Since the granting of the Order of immunity supplants Gilboe's Fifth Amendment privilege and compels him to testify, it is not necessary to reach the issue of waiver.